UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BERNZOMATIC AND WORTHINGTON BRANDED
HANDHELD TORCH PRODUCTS LIABILITY LITIGATION (No. II)          MDL No. 2897


ORDER DENYING TRANSFER


**Before the Panel**: Plaintiffs in the three actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California or, alternatively, the Northern District of Illinois. The litigation consists of three actions pending in three districts. Responding defendants[1] oppose centralization.

After considering the argument of counsel, we conclude that Section 1407 centralization of this litigation is not necessary. The three actions here involve injuries arising from the use of handheld torches that were attached to small propane cylinders. The accidents in which plaintiffs suffered injuries arose in different circumstances – Plaintiff Bailey was burning weeds with his torch upside down, Plaintiff Peralta was lighting his fireplace, and Plaintiff Avery's cylinder was compromised by an out-of-control backyard fire. Additionally, although all plaintiffs were using propane non-refillable tall cylinders, different types of torches were attached to the cylinders: Plaintiffs Bailey and Avery's cylinders had UL2317 torches attached, while Plaintiff Peralta was using a cylinder with a TS4000 torch.

There is some factual overlap among the actions, but we are not convinced that centralizing these cases – two of which are at an advanced procedural stage – would produce much, if any, tangible benefit. There are only three actions in this litigation, and the parties to the actions are represented by common counsel. Notably, two cases – the Northern District of Illinois *Bailey* action and the District of Arizona *Peralta* action – are nearing the end of discovery. As we noted in our order denying centralization (when four related actions were pending), the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate when only a few actions are at issue. *In re Bernzomatic & Worthington Branded Handheld Torch Prods. Liab. Litig.*, 293 F. Supp. 3d 1380, 1380 (J.P.M.L. 2018) (citing *In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F.Supp.2d 1373, 1374 (J.P.M.L. 2010)). Moving plaintiffs (again) have failed to carry that burden. Given the limited number of actions and involved counsel, informal coordination of discovery and other pretrial matters among the parties and involved courts, if the need arises, is preferable to formal centralization under Section 1407.

Attorney Andrew W. Shalaby, who represents all plaintiffs, bemoans the delay and duplicative efforts expended in these cases. The blame, though, for much of that delay and inefficiency appears to rest on his own misconduct. For instance, Mr. Shalaby's *pro hac vice* status was revoked in the Northern

---

[1] Worthington Cylinder Corp., Worthington Cylinders Wisconsin, LLC, and Worthington Industries, Inc.

- 2 -

District of Illinois *Bailey* action, after the presiding judge concluded, *inter alia*, that he could no longer rely on Mr. Shalaby's truthfulness.[2]  Significant delays have occurred while the *Bailey* plaintiff attempts to obtain new counsel (the attorney who initially replaced Mr. Shalaby has since withdrawn from the case).

This Section 1407 motion borders on being frivolous.  Mr. Shalaby appears to be seeking centralization either to delay proceedings in the two advanced actions, in which he faces serious sanctions, or to wage a personal battle against defendants.[3]  Regardless of his motive, these circumstances – once again – do not come close to those in which we have found centralization to be appropriate.  We caution Mr. Shalaby that any further motions to centralize based on these facts may result in restrictions on his ability to file before the Panel.  *See, e.g., In re Eric Flores Litig. (No. II)*, 11 F. Supp. 3d 1336, 1337 (J.P.M.L. 2014).  Instead of filing further matters before us, Mr. Shalaby should focus his efforts on bringing the claims of the plaintiffs he purports to represent to an appropriate resolution.

IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

---

[2]  Mr. Shalaby contends that the revocation of his *pro hac vice* status will be reversed on appeal.

[3]  The parties seek to impose sanctions on the other side.  We deny both requests.

**IN RE: BERNZOMATIC AND WORTHINGTON BRANDED
HANDHELD TORCH PRODUCTS LIABILITY LITIGATION (No. II)**     MDL No. 2897

## SCHEDULE A

<u>District of Arizona</u>

PERALTA v. WORTHINGTON INDUSTRIES INCORPORATED, ET AL.,
   C.A. No. 2:17−03195

<u>Central District of California</u>

AVERY v. BERNZOMATIC, ET AL., C.A. No. 2:19−02856

<u>Northern District of Illinois</u>

BAILEY v. BERNZOMATIC, ET AL., C.A. No. 1:16−07548